IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN GRAHAM<br>2725 PENNSYLVANIA AVENUE, SE<br>WASHINGTON, D.C. 20020<br><br>    Plaintiff<br><br>v.<br><br>SOUTHERN MARYLAND HOSPITAL<br>CENTER<br>7503 SURRATTS ROAD<br>CLINTON, MD 20735<br><br>    Defendant | Civil Court Action No:    1:05CV01956<br>Judge:  Ellen Segal Huvelle |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant, Southern Maryland Hospital Center, through undersigned counsel and Whiteford, Taylor & Preston, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure with its Motion to Dismiss Plaintiff's Complaint and in support thereof, states as follows:

Plaintiff's Complaint arising out of his employment with Defendant, a Maryland hospital, should be dismissed.  First, this Court lacks personal jurisdiction over Defendant - - a Maryland corporation which has no contacts with the District of Columbia.  Plaintiff has not pled any facts that provide a basis for this Court to exercise long arm jurisdiction over Defendant.  Second, this Court lacks subject matter jurisdiction.  Plaintiff failed to allege any basis for diversity jurisdiction or federal question jurisdiction.  Because this Court lacks personal jurisdiction and subject matter jurisdiction, the Complaint should be dismissed.

## I.  LACK OF PERSONAL JURISDICTION

The Complaint should be dismissed pursuant to F.R.C.P. Rule 12(b)(2) because this Court lacks personal jurisdiction over Defendant, a Maryland hospital.  Plaintiff has not alleged, nor can he, that Defendant is a resident of the District of Columbia or incorporated in the District of Columbia.  Defendant is a corporation organized under the laws of Maryland and it maintains its sole place of business in Clinton, Maryland.  See Affidavit, attached as **Exhibit 1.**  Defendant is not licensed to do business in the District of Columbia, nor does it do business in the District of Columbia.  See **Exhibit 1.**  There is a not a single fact pled that provides this Court with personal jurisdiction: the entire Complaint arises out of actions which allegedly occurred in Maryland.  At all times relevant to Plaintiff's claim, he was employed at the hospital which is located in Clinton, Maryland.  See **Exhibit 1**.

Where a defendant does not reside in and is not incorporated in the forum state, the Plaintiff has the burden of proving that the court has jurisdiction over the out of state defendant by alleging facts that connect the defendant to the forum.  *Lacey v. Wing*, 360 F.Supp. 2d 31 (D.D.C. 2003).  Plaintiff has not alleged any such facts, nor can he, since his employment and all alleged conduct occurred outside of the District of Columbia.  Because Plaintiff has not alleged *any* facts to establish long-arm jurisdiction over Defendant, the Complaint must be dismissed for lack of personal jurisdiction.[1]

## II.  LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's Complaint lacks any basis for subject matter jurisdiction and none is pled. Plaintiff failed to allege facts sufficient to support jurisdiction under diversity of citizenship or

---

[1] A plaintiff must show "minimum contacts" between an out of state defendant and the forum state to establish that maintenance of the suit "does not offend traditional notions of fair play and substantial justice".  *Int'l Shoe Co. v.*

federal question jurisdiction. Accordingly, the Complaint should be dismissed under F.R.C.P. Rule 12(b)(1).

      A.     **The Court Lacks Subject Matter Jurisdiction Under 28 U.S.C.A. §1332.**

The Court lacks subject matter jurisdiction under 28 U.S.C.A. §1332. §1332 provides the basis for jurisdiction through diversity of citizenship. To proceed under §1332, the Plaintiff must specifically allege that the parties are citizens of different states and that the matter in controversy exceeds the sum of $75,000.00. See 28 U.S.C.A. §1332. The amount in controversy is established at the commencement of the lawsuit. *Naegele v. Albers*, 355 F.Supp.2d 129 (D.D.C. 2005).

In determining whether a case satisfies the amount in controversy requirement such that a Court can exercise diversity jurisdiction, courts examine the complaint, "which is defective unless it contains a proper allegation as to the amount in controversy". *ILS Corporation v. Latino Newspapers, Inc.*, 747 F.Supp. 85, 85 (D.D.C. 1990) citing 1 *Moore's Federal Practice* para. 0.92[1], at 859-60. Like the *ILS Corporation* case, Plaintiff's Complaint is defective because it does not even plead any amount whatsoever. *Id*. Accordingly, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction. See also *Kissi v. Daisytek, Inc.*, 1991 U.S. Dist. LEXIS 11537 (Aug. 20, 1991).

      A.     **The Court Lacks Subject Matter Jurisdiction Under 28 U.S.C.A. §1331**.

The Court lacks subject matter jurisdiction under 28 U.S.C.A. §1331. For this Court to Exercise subject matter jurisdiction based on federal question jurisdiction, Plaintiff's claims must "arise under the Constitution, laws, or treaties of the Untied States". 28 U.S.C.A. §1331. "The federal question raised must be a direct element in the plaintiff's claim, and must be substantial".

---

*Washington*, 326 U.S. 310, 316, 90 L.E.D. 95, 66 S.Ct. 154 (1945). Plaintiff has alleged no such facts, nor can she

*Jackson v. Strayer College*, 941 F.Supp. 192, 195 (D.D.C. 1996).  Plaintiff failed to allege what, if any, laws of the United States he relies upon in support of his claim.[2]  Because the Complaint is deficient on its face for establishing a grounds for subject matter jurisdiction, it must be dismissed.  *Id*.

      WHEREFORE, Defendant respectfully requests this honorable Court to dismiss Plaintiff's Complaint with prejudice, to award costs and fees incurred in defending this matter, and for such further relief this Court deems appropriate.

                                          Respectfully submitted,

                                          ___/s_____
                                          John J. Hathway (#412664)
                                          Jennifer S. Jackman (#466922)
                                          Whiteford, Taylor & Preston L.L.P.
                                          1025 Connecticut Avenue, NW
                                          Washington, DC  20036-5405
                                          (202) 659-6800

                                          Attorney for Defendant,
                                          SOUTHERN MARYLAND HOSPITAL CENTER

---

since Defendant does not conduct business in or have any contacts with the District of Columbia.
[2] Indeed, it appears from what was filed by Plaintiff that Plaintiff is pursuing a Maryland state claim since he attached a claim that filed with the Maryland Commission on Human Relations.