UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN GRAHAM, | ) |
|       Plaintiff, | ) |
|       v. | ) Civil Action No. 05-1956 (ESH) |
| SOUTHERN MARYLAND HOSPITAL CENTER, | ) |
|       Defendant. | ) |

### MEMORANDUM AND TRANSFER ORDER

Before the Court is defendant's Motion to Dismiss. Having considered the motion and those filed by plaintiff in response, the Court will transfer this action to the United States District Court for the District of Maryland.

Plaintiff, a District of Columbia resident, alleges that he was terminated wrongfully because of his disability (bilateral hearing loss) and age. He brings this employment discrimination action against Southern Maryland Hospital Center in Clinton, Maryland, under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*[1]

Under the ADA, the proper district for plaintiff's disability claim is determined under the special venue provision in 42 U.S.C. § 2000e-5(f)(3), which provides that

---

[1] Pleadings filed by *pro se* plaintiffs are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Though plaintiff does not cite the statutory bases for the Court's subject matter jurisdiction, it is apparent that he challenges his termination as an adverse and discriminatory employment action based on his disability and age, thus alleging violations of federal law.

> [s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

*Id.*; 42 U.S.C. § 12117(a) (providing that "[t]he powers, remedies, and procedures set forth in . . . 2000e-5 . . . of this title shall be the powers, remedies, and procedures this subchapter provides . . . to any person alleging discrimination on the basis of disability in violation of any provision of this chapter"). Under the ADEA, which contains no independent venue provision, plaintiff's age discrimination claim may be brought

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Under both of these standards, plaintiff's disability claim can only proceed in the United States District Court for the District of Maryland, as he has offered no facts supporting venue in this district. Therefore, his arguments regarding why this Court should exercise jurisdiction are irrelevant, since the Court has no venue over this action. However, in the interest of justice, the Court will transfer this action to Maryland. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it

be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Resolution of any pending motions is left to the transferee court.

Accordingly, it is hereby

**ORDERED** that this civil action be **TRANSFERRED** to the United States District Court for the District of Maryland. All pending motions are **DENIED AS MOOT.**

**SO ORDERED**.

s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 5, 2005